JUNE D. COLEMAN (CSBN 191890)
jcoleman@kmtg.com
DANIELLE R. TEETERS (CSBN 210056)
dteeters@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN
& GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA  95814
Telephone:   (916) 321-4500
Facsimile:    (916) 321-4555

Attorneys for Defendant
CONCORD SERVICING CORPORATION
dba BLACKWELL RECOVERY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO ELIAS, an individual, and MELISSA ELIAS, an individual,, <br><br> Plaintiffs, <br><br> v. <br><br> CONCORD SERVICING CORPORATION dba BLACKWELL RECOVERY, a corporation; and DOES 1 through 10, inclusive,, <br><br> Defendants. | CASE NO.  3:13-cv-00769-H-KSC <br><br> **ANSWER TO COMPLAINT** |

Defendant CONCORD SERVICING CORPORATION dba BLACKWELL RECOVERY (hereinafter "Defendant") hereby appears and responds to the Complaint filed by Plaintiffs MAURO ELIAS and MELISSA ELIAS (hereafter "Plaintiffs") as follows:

1. As to Paragraph 1, Defendant denies all allegations that it violated the Fair Debt Collections Practices Act ("FDCPA") or the Rosenthal Fair Debt Collections Practices Act ("Rosenthal"); all other remaining statements are

conclusions of law which do not require an admission or denial by Defendant.

2.   As to Paragraph 2, Defendant admits venue is proper.

3.   As to Paragraph 3, Defendant admits that Plaintiffs are natural persons, and that Defendant's files indicate that Plaintiffs resides in San Diego County. Defendant lacks sufficient knowledge and information as to the remaining allegations and on that basis, denies them.

4.   As to Paragraphs 4 and 15, Defendant admits all allegations.

5.   As to Paragraph 5, Defendant admits that it is a debt collector, but lacks sufficient information to admit or deny the remaining allegations, and on that basis, denies them

6.   As to Paragraphs 6-7, 19, and 31, Defendant lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

7.   As to Paragraphs 8-11, 13-14, 18, 20-21, 23-24, 26-29, and 32-35, Defendant denies all allegations.

8.   As to Paragraph 12, Defendant admits that Plaintiff Melissa Elias informed Defendant that Defendant had the wrong phone number on more than one occasion, but deny the remaining allegations.

9.   As to Paragraph 16, Defendant is informed and believes that its representative asked to speak to Mario Elias on January 10, 2013, but deny the remaining allegations.

10.   As to Paragraph 17, Defendant is informed and believes that Plaintiff Melissa Elias informed Defendant's representative that Defendant had the wrong number, and deny the remaining allegations.

11.   As to Paragraph 22, Defendant re-asserts and re-alleges the responses to Paragraphs 1-21 as though set forth herein.

12.   As to Paragraph 25, Defendant re-asserts and re-alleges the responses to Paragraphs 1-24 as though set forth herein.

13.   As to Paragraph 30, Defendant re-asserts and re-alleges the responses

to Paragraphs 1-29 as though set forth herein.

Defendant presently has insufficient knowledge of information on which to form a belief as to all potential defenses available.  Defendant reserves herein the right to assert additional defenses in the event discovery indicates that additional defenses would be appropriate. Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

## FIRST AFFIRMATIVE DEFENSE

14. Plaintiffs' Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a case of action as to the answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

15. Defendant is informed and believes and thereon alleges that the Complaint and each cause of action therein is barred in whole or part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

16. Defendant is informed and believes and thereon alleges that Plaintiffs were negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent of said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages.

## FOURTH AFFIRMATIVE DEFENSE

17. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, and/or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent of said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against Defendant should be reduced or eliminated.

**FIFTH AFFIRMATIVE DEFENSE**

18. Defendant is informed and believes and thereon alleges that Plaintiffs failed and neglected to use reasonable care to protect themselves, and to minimize and/or mitigate the losses and/or damages, including but not limited to actual damages asserted in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

19. Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

**SEVENTH AFFIRMATIVE DEFENSE**

20. Defendant alleges that it relied upon the representations of its client and any inaccuracies or misrepresentations alleged were the result of such reliance.

**EIGHTH AFFIRMATIVE DEFENSE**

21. Defendant alleges that is has no civil liability under the FDCPA, pursuant to 15 U.S.C. § 1692k(c), or the Rosenthal FDCPA pursuant to California Civil Code § 1788.30(e), as any violation was inadvertent and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

**NINTH AFFIRMATIVE DEFENSE**

22. Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

**TENTH AFFIRMATIVE DEFENSE**

23. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by federal and state common law and/or California Civil Code § 47(b)-(c).

**ELEVENTH AFFIRMATIVE DEFENSE**

24. Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law,

as represented by Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

25. Defendant is informed and believes, and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiffs' Complaint, and the causes of action alleged therein, were consented to by the Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

26. Plaintiffs' Complaint (and the causes of action alleged therein) is barred by the doctrines of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

27. Plaintiffs are barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

28. Plaintiffs lack standing to bring a Rosenthal Fair Debt Collections Practices Act claim or a federal Fair Debt Collection Practices Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

29. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, offset, duress, failure of consideration, fraud, illegality, license, res judicata, failure to join an indispensable party, release, laches, and abatement.

WHEREFORE, Defendant prays for:

1. That Plaintiffs take nothing from this answering Defendant by this Complaint;

2. That Defendant be awarded judgment in this action;

3. For attorneys' fees incurred herein, pursuant to statute;

4. For costs of suit incurred herein; and

1      5.    For such other and further relief as the Court deems proper.

Dated: April 5, 2013

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Law Corporation

By: /s June D. Coleman
    June D. Coleman
    Danielle R. Teeters
    Attorneys for Defendant
    CONCORD SERVICING CORPORATION
    dba BLACKWELL RECOVERY

# PROOF OF SERVICE

I, June D. Coleman, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On April 5, 2013, I served a copy of the within document(s):

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By electronic filing-I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Case Management/Electronic Filing system. The file transmission was reported as successful and a copy of the Notice of Electronic Filing will be maintained with the original document(s) in our office.

Octavio Cardona-Loya II, Esq.
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
Phone: (619) 476-0030
Fax: (775) 898-5471
Email: vito@goldencardona.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the

1 U.S. Postal Service on that same day with postage thereon fully prepaid in the
2 ordinary course of business.  I am aware that on motion of the party served, service
3 is presumed invalid if postal cancellation date or postage meter date is more than
4 one day after date of deposit for mailing in affidavit.
5    I declare that I am employed in the office of a member of the bar of this court
6 at whose direction the service was made.
7    Executed on April 5, 2013, at Sacramento, California.

                                                        /s June D. Coleman
                                                        June D. Coleman

KRONICK,
MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1025330.1 13754.002                  - 8 -
                         **ANSWER TO COMPLAINT**